IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL ILLINOIS CARPENTERS HEALTH & )
WELFARE TRUST FUND, CENTRAL )
ILLINOIS CARPENTERS RETIREMENT )
SAVINGS FUND, CARPENTERS PENSION )
FUND OF ILLINOIS, CARPENTERS )
RETIREMENT SAVINGS FUND OF ILLINOIS, )
MID-CENTRAL ILLINOIS REGIONAL )
COUNCIL OF CARPENTERS – JOINT )
APPRENTICESHIP & TRAINING COMMITTEE, )
WEST CENTRAL ILLINOIS BUILDING & )
CONSTRUCTION TRADES COUNCIL, )
MID-CENTRAL ILLINOIS REGIONAL )
COUNCIL OF CARPENTERS, CENTRAL )
ILLINOIS BUILDERS, CARPENTERS )
INTERNATIONAL TRAINING FUND, )
CARPENTERS LABOR MANAGEMENT )
EDUCATION & DEVELOPMENT FUND, )
MID-CENTRAL ILLINOIS REGIONAL )
COUNCIL OF CARPENTERS PROMOTIONAL )
FUND, MID-CENTRAL ILLINOIS )
CARPENTERS JOINT LABOR MANAGEMENT )
SUBSTANCE ABUSE TESTING & )
ASSISTANCE FUND, CARPENTERS )
TRAINING CENTER OF THE QUAD CITIES )
JOINT APPRENTICESHIP & TRAINING )
COMMITTEE, UNITED BROTHERHOOD OF )
CARPENTERS APPRENTICESHIP & SAFETY )
FUND, QUAD CITY CONSTRUCTION )
INDUSTRY ADVANCEMENT FUND, IOWA )
CONSTRUCTION LABOR & MANAGEMENT )
COUNCIL, HEARTLAND HEALTHCARE )
FUND, CARPENTERS WORKING DUES, )
CARPENTERS LOCAL NO. 166, CARPENTERS )
LOCAL 183, CARPENTERS LOCAL 189, )
)
             Plaintiffs, )
)
v. )     No.
)
QUAD CITY WALLS, INC. and )
CYNTHIA J. MILROY, )
)
             Defendants. )

## COMPLAINT

NOW COME the Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendants, QUAD CITY WALLS, INC., INC. and CYNTHIA J. MIROY, and allege as follows:

## COUNT I

### AUDIT LIABILITY DUE - DELINQUENT CONTRIBUTIONS

#### HEALTH & WELFARE FUND
#### QUAD CITY WALLS, INC.

1.      This Court has jurisdiction over this matter as this action arises under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq*. ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

2.      The CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND ("HEALTH & WELFARE FUND") is an employee benefit fund administered pursuant to the terms and provisions of an Agreement and Declaration of Trust and is maintained in accordance with the provisions of ERISA and the LMRA.

3.      The HEALTH & WELFARE FUND receives contributions from numerous employers and therefore is a multiemployer plan.   (*See* 29 U.S.C. §1002).

4.      Venue is proper pursuant §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.      The address and place of business of the HEALTH & WELFARE FUND is 200 S. Madigan Drive, Lincoln, Illinois 62656, where the plan is administered.

6.      The HEALTH & WELFARE FUND has been duly authorized by Plaintiffs, CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP &

TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS TRAINING CENTER OF THE QUAD CITIES JOINT APPRENTICESHIP & TRAINING COMMITTEE, UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP & SAFETY FUND, QUAD CITY CONSTRUCTION INDUSTRY ADVANCEMENT FUND, IOWA CONSTRUCTION LABOR & MANAGEMENT COUNCIL, CARPENTERS WORKING DUES, CARPENTERS LOCAL NO. 166, CARPENTERS LOCAL 183 and CARPENTERS LOCAL 189, to act on behalf of them in the collection of employer contributions and other amounts owed to them.

7.     Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

8.     Defendant employs individuals who are members of, and represented by, the local labor organizations of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, #1 Kalmia Way, Springfield, Illinois 62708, including Carpenter's Local Union No. 183; and said individuals are participant's in the employee benefit fund administered by the HEALTH & WELFARE FUND pursuant to an collective bargaining agreement that Defendant agreed to be bound by through a written labor recognition agreement it entered into with the Mid-Central Illinois Regional Council of Carpenters (hereinafter "Agreement").   A copy of the Agreement is

attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.   A copy of the collective bargaining agreement is attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

9.      Defendant's address is 105 W. Upper Street, Cambridge, Illinois 61238.

10.     The collective bargaining agreement binds Defendant to the provisions of the HEALTH & WELFARE FUND'S Restated Agreement and Declaration of Trust.   A copy of the pertinent provisions of the Restated Agreement and Declaration of Trust is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

11.     Pursuant §1145 of ERISA, Defendant is required to pay fringe benefit contributions to the HEALH & WELFARE FUND in accordance with the terms and conditions of the HEALTH & WELFARE FUND's Agreement and Declaration of Trust, and to pay liquidated damages in the event fringe benefit contributions are not timely made.   (29 U.S.C. §1145).

12.     Pursuant to the Agreement, the collective bargaining agreement and the Restated Agreement and Declaration of Trust, the Defendant is required to report hours worked by its employees and make prompt payment of the fringe benefit contributions required under the collective bargaining agreement and Agreement to the HEALTH & WELFARE FUND.

13.     Pursuant §1145 of ERISA, the Defendant is required to pay fringe benefit contributions to the HEALTH & WELFARE FUND in accordance with the terms and conditions of the Restated Agreement and Declaration of Trust.   (*See* 29 U.S.C. §1145).

14.     The HEALTH & WELFARE FUND engaged a certified public accounting firm to examine the payroll books and records of the Defendant for the time period of January 1, 2007 through November 30, 2010 in order to determine whether Defendant is in compliance with its obligations to pay the fringe benefit contributions required under the collective bargaining

agreement, the Agreement and the Restated Agreement and Declaration of Trust.

15.     The payroll examination by the certified public accounting firm disclosed that Defendant breached the provisions of the Agreement, collective bargaining agreement and the Restated Agreement and Declaration of Trust by underpaying the fringe benefit contributions that were owed to the HEALTH & WELFARE FUND over the period of January 1, 2007 through November 30, 2010.   (A copy of the examination findings is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference).

16.     Pursuant to applicable provisions of ERISA and the terms of the Restated Agreement and Declaration of Trust, Defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to 20% of the amount of delinquent contributions.

17.     Pursuant to the terms of the Restated Agreement and Declaration of Trust, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the HEALTH & WELFARE FUND in the collection of delinquent contributions.

18.     Defendant owes the HEALTH & WELFARE FUND the sum of $6,300.48 (consisting of delinquent contributions of $4,436.91, liquidated damages of $887.38, interest of $142.43 and audit costs of $833.76).

19     The HEALTH & WELFARE FUND has demanded Defendant pay the amounts due, but Defendant has refused or otherwise failed to pay the amounts due.   A copy of the HEALTH & WELFARE FUND'S demand letter is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

20.     The Defendant has breached the terms of the collective bargaining agreement and the Restated Agreement and Declaration of Trust by failing to pay the HEALTH & WELFARE FUND the fringe benefit contributions owed under the collective bargaining agreement.

21.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award the Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.   More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
>                    \*            \*          \*
>
> (2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> (A)     the unpaid contributions,
>>
>> (B)     interest on the unpaid contributions,
>>
>> (C)     an amount equal to the greater of –
>>
>>> (i)     interest on the unpaid contributions, or
>>>
>>> (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E)     such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

22.   An Affidavit from Plaintiffs' legal counsel in support of Plaintiffs request for reasonable attorneys' fees and costs incurred in the prosecution of this matter is attached hereto as Exhibit "F" and fully incorporated herein and made a part hereof by this reference.

WHEREFORE, Plaintiffs pray as follows:

A.   That judgment is entered in favor of Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS TRAINING CENTER OF THE QUAD CITIES JOINT APPRENTICESHIP & TRAINING COMMITTEE, UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP & SAFETY FUND, QUAD CITY CONSTRUCTION INDUSTRY ADVANCEMENT FUND, IOWA CONSTRUCTION LABOR & MANAGEMENT COUNCIL, CARPENTERS WORKING DUES, CARPENTERS LOCAL NO. 166, CARPENTERS LOCAL 183 and CARPENTERS LOCAL 189, and against Defendant QUAD CITY WALLS, INC. in the sum of $6,300.48 (consisting of delinquent contributions of $4,436.91, liquidated damages of $887.38, interest of $142.43 and audit costs of $833.76));

B.    That Defendant is specifically required to perform and continue to perform all of Defendant's obligations to the Plaintiffs; including without limitation, continuing to furnish to the Plaintiffs contribution reporting forms, even if no contributions are owed for a particular reporting period;

C.    That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D.    That Defendant is decreed to pay all costs attendant to these proceedings; and

E.    That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable labor agreements or as is otherwise just and equitable.

## COUNT II

## AUDIT LIABILITY DUE - DELINQUENT CONTRIBUTIONS

## PENSION AND RETIREMENT FUNDS
## QUAD CITY WALLS, INC.

1.    This Court has jurisdiction over this matter as this action arises under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.    The CARPENTERS PENSION FUND OF ILLINOIS and CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS (herein after collectively "PENSION and RETIREMENT FUNDS") are employee benefit funds administered pursuant to the terms and provisions of Agreements and Declarations of Trust and is maintained in accordance with the provisions of ERISA and the LMRA.

3.      The PENSION and RETIREMENT FUNDS receive contributions from numerous employers and therefore are multiemployer plans.   (*See* 29 U.S.C. §1002).

4.      Venue is proper pursuant §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.      The address and place of business of the PENSION and RETIREMENT FUNDS is 28 N. First Street, Geneva, Illinois 60134.

6.      The PENSION and RETIREMENT FUNDS have been duly authorized by Plaintiffs, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS TRAINING CENTER OF THE QUAD CITIES JOINT APPRENTICESHIP & TRAINING COMMITTEE, UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP & SAFETY FUND, QUAD CITY CONSTRUCTION INDUSTRY ADVANCEMENT FUND, IOWA CONSTRUCTION LABOR & MANAGEMENT COUNCIL, CARPENTERS WORKING DUES, CARPENTERS LOCAL NO. 166, CARPENTERS LOCAL 183 and CARPENTERS LOCAL 189, to act on behalf of them in the collection of employer contributions and other amounts owed to them.

7.      Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

Page **9** of **26**

8.      Defendant employs individuals who are members of, and represented by, the local labor organizations of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, #1 Kalmia Way, Springfield, Illinois 62708, including Carpenter's Local Union No. 183; and said individuals are participant's in the employee benefit fund administered by the PENSION and RETIREMENT FUNDS pursuant to an collective bargaining agreement that Defendant agreed to be bound by through a written labor recognition agreement it entered into with the Mid-Central Illinois Regional Council of Carpenters (hereinafter "Agreement").   A copy of the Agreement is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.   A copy of the collective bargaining agreement is attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

9.      Defendant's address is 105 W. Upper Street, Cambridge, Illinois 61238.

10.     The collective bargaining agreement binds Defendant to the provisions of the PENSION and RETIREMENT FUNDS' Agreements and Declarations of Trust.   A copy of the pertinent provisions of the Agreements and Declarations of Trust are attached hereto as Exhibits "G" and "H" and are fully incorporated herein and made a part hereof by this reference.

11.     Pursuant §1145 of ERISA, Defendant is required to make fringe benefit contributions to the PENSION and RETIREMENT FUNDS in accordance with the terms and conditions of the PENSION and RETIREMENT FUNDS' Agreements and Declarations of Trust, and to pay liquidated damages in the event fringe benefit contributions are not timely made.   (*See* 29 U.S.C. §1145).

12.     Pursuant to the Agreement, the collective bargaining agreement and the Agreements and Declarations of Trust, the Defendant is required to report hours worked by its employees and make prompt payment of the fringe benefit contributions required under the

collective bargaining agreement and Agreement to the PENSION and RETIREMENT FUNDS.

13.     Pursuant §1145 of ERISA, the Defendant is required to make fringe benefit contributions to the PENSION and RETIREMENT FUNDS in accordance with the terms and conditions of the Agreements and Declarations of Trust.   (*See* 29 U.S.C. §1145).

14.     The PENSION and RETIREMENT FUNDS engaged a certified public accounting firm to examine the payroll books and records of the Defendant for the time period of January 1, 2007 through November 30, 2010 in order to determine whether Defendant is in compliance with its obligations to pay the fringe benefit contributions required under the collective bargaining agreement, the Agreement and the Agreements and Declarations of Trust.

15.     The payroll examination by the certified public accounting firm disclosed that Defendant breached the provisions of the Agreement, collective bargaining agreement and the Agreements and Declarations of Trust by underpaying the fringe benefit contributions that were owed to the PENSION and RETIREMENT FUNDS over the period of January 1, 2007 through November 30, 2010.   (A copy of the examination findings is attached hereto as Exhibit "I" and fully incorporated herein and made a part hereof by this reference).

16.     Pursuant to applicable provisions of ERISA and the terms of the Agreements and Declarations of Trust, Defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to 10% of the amount of delinquent contributions.

17.     Pursuant to the Agreements and Declarations of Trust, the Defendant owes the PENSION and RETIREMENT FUNDS interest on delinquent contribution payments in the amount of $2,577.46 through February 28, 2011.   (*See* Exhibit "J", which is an itemization of the interest owed to the PENSION and RETIREMENT FUNDS and the HEARTLAND HEALTH CARE FUND, of which $2,577.46 is owed to the PENSION and RETIREMENT FUNDS).

18.     Pursuant to the terms of the Agreements and Declarations of Trust, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the PENSION and RETIREMENT FUNDS in the collection of delinquent contributions.

19.     Defendant owes the PENSION and RETIREMENT FUNDS the sum of $7,499.70 (consisting of delinquent contributions of $3,850.35, interest of $126.73, liquidated damages of $385.04, additional interest of $2,577.46, and audit costs of $560.12).

20      The PENSION and RETIREMENT FUNDS have demanded Defendant pay the amounts due, but Defendant has refused or otherwise failed to pay the amounts due.   A copy of the PENSION and RETIREMENT FUNDS' demand letter is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

21.     The Defendant has breached the terms of the collective bargaining agreement and the Agreements and Declarations of Trust by failing to pay the PENSION and RETIREMENT FUNDS the fringe benefit contributions owed under the collective bargaining agreement.

22.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award the Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.   More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *                *                *
>
> (2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)     the unpaid contributions,

Page **12** of **26**

    (B)  interest on the unpaid contributions,

    (C)  an amount equal to the greater of –

      (i)  interest on the unpaid contributions, or

      (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)  such other legal or equitable relief as the court deems appropriate.

   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

   (*See*, §1132(g)(2) of ERISA).

   23.  An Affidavit from Plaintiffs' legal counsel in support of Plaintiffs request for reasonable attorneys' fees and costs incurred in the prosecution of this matter is attached hereto as Exhibit "K" and fully incorporated herein and made a part hereof by this reference.

   WHEREFORE, Plaintiffs pray as follows:

   A.  That judgment is entered in favor of Plaintiffs, CARPENTERS PENSION FUND OF ILLINOIS, CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL

OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS TRAINING CENTER OF THE QUAD CITIES JOINT APPRENTICESHIP & TRAINING COMMITTEE, UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP & SAFETY FUND, QUAD CITY CONSTRUCTION INDUSTRY ADVANCEMENT FUND, IOWA CONSTRUCTION LABOR & MANAGEMENT COUNCIL, CARPENTERS WORKING DUES, CARPENTERS LOCAL NO. 166, CARPENTERS LOCAL 183 and CARPENTERS LOCAL 189, and against Defendant QUAD CITY WALLS, INC. in the sum of $7,499.70 (consisting of delinquent contributions of $3,850.35, interest of $126.73, liquidated damages of $385.04, additional interest of $2,577.46, and audit costs of $560.12);

B.      That Defendant is specifically required to perform and continue to perform all of Defendant's obligations to the Plaintiffs; including without limitation, continuing to furnish to the Plaintiffs contribution reporting forms, even if no contributions are owed for a particular reporting period;

C.      That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D.      That Defendant is decreed to pay all costs attendant to these proceedings; and

E.      That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable labor agreements or as is otherwise just and equitable.

## COUNT III

## AUDIT LIABILITY DUE - DELINQUENT CONTRIBUTIONS

## HEARTLAND HEALTHCARE FUND
## QUAD CITY WALLS, INC.

1.      This Court has jurisdiction over this matter as this action arises under the Employee

Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C.

§1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time

to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.      The HEARTLAND HEALTHCARE FUND is an employee benefit fund

administered pursuant to the terms and provisions of an Agreement and Declaration of Trust and is

maintained in accordance with the provisions of ERISA and the LMRA.   A copy of the pertinent

provisions of the Agreement and Declaration of Trust is attached hereto as Exhibit "L" and fully

incorporated herein and made a part hereof by this reference.

3.      The HEARTLAND HEALTHCARE FUND receives contributions from numerous

employers and therefore is a multiemployer plan.   (*See* 29 U.S.C. §1002).

4.      Venue is proper pursuant §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.      The address and place of business of the HEARTLAND HEALTHCARE FUND is

3001 Metro Drive, Suite 500, Bloomington, Minnesota, 55425.

6.      The PENSION and RETIREMENT FUNDS have been duly authorized by the

HEARTLAND HEALTHCARE FUND, to act on behalf of it in the collection of employer

contributions and other amounts owed to them.

7.      Defendant is an "Employer" engaged in an industry within the meaning of §§1002

(5), (11), (12) and (14) of ERISA.

8.       Defendant employs individuals who are members of, and represented by, the local labor organizations of the Heartland Regional Council of Carpenters United Brotherhood of Carpenters and Joiners of America, now known as the Chicago Regional Council of Carpenters United Brotherhood of Carpenters and Joiners of America, including Carpenter's Local Union Nos. 4 and 166; and said individuals are participant's in the employee benefit fund administered by the HEARTLAND HEALTHCARE FUND pursuant to an collective bargaining agreement that Defendant entered into with the Heartland Regional Council of Carpenters (hereinafter "Heartland collective bargaining agreement").   A copy of the signature page of the Heartland collective bargaining agreement is attached hereto as Exhibit "M" and fully incorporated herein and made a part hereof by this reference.

9.       Defendant's address is 105 W. Upper Street, Cambridge, Illinois 61238.

10.      The Heartland collective bargaining agreement binds Defendant to the provisions of the HEARTLAND HEALTHCARE FUND'S Agreement and Declaration of Trust.

11.      Pursuant §1145 of ERISA, Defendant is required to make fringe benefit contributions to the HEARTLAND HEALTHCARE FUND in accordance with the terms and conditions of its Agreement and Declaration of Trust, and to pay liquidated damages in the event fringe benefit contributions are not timely made.   (*See* 29 U.S.C. §1145).

12.      Pursuant to the Agreement, the Heartland collective bargaining agreement and the Agreement and Declaration of Trust, the Defendant is required to report hours worked by its employees and make prompt payment of the fringe benefit contributions required under the Heartland collective bargaining agreement and Agreement to the HEARTLAND HEALTHCARE FUND.

13.    Pursuant §1145 of ERISA, the Defendant is required to make fringe benefit contributions to the HEARTLAND HEALTHCARE FUND in accordance with the terms and conditions of the Agreement and Declaration of Trust.   (*See* 29 U.S.C. §1145).

14.    The HEARTLAND HEALTHCARE FUND engaged a certified public accounting firm to examine the payroll books and records of the Defendant for the time period of January 1, 2007 through November 30, 2010 in order to determine whether Defendant is in compliance with its obligations to pay the fringe benefit contributions required under the Heartland collective bargaining agreement, the Agreement and the Agreement and Declaration of Trust.

15.    The payroll examination by the certified public accounting firm disclosed that Defendant breached the provisions of the Agreement, collective bargaining agreement and the Agreement and Declaration of Trust by underpaying the fringe benefit contributions that were owed to the HEARTLAND HEALTHCARE FUND over the period of January 1, 2007 through November 30, 2010.   (A copy of the examination findings is attached hereto as Exhibit "N" and fully incorporated herein and made a part hereof by this reference).

16.    Pursuant to applicable provisions of ERISA and the terms of the Agreements and Declarations of Trust, Defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to 10% of the amount of delinquent contributions.

17.    Pursuant to the Agreement and Declaration of Trust, the Defendant owes the HEARTLAND HEALTHCARE FUND interest on delinquent contribution payments in the amount of $3,122.32 through February 28, 2011.   (*See* Exhibit "O", which is an itemization of interest owed).

18.    Pursuant to the terms of the Agreement and Declaration of Trust, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the

HEARTLAND HEALTHCARE FUND in the collection of delinquent contributions.

19.     Defendant owes the HEARTLAND HEALTHCARE FUND the sum of $4,640.31 (consisting of delinquent contributions of $902.08, interest of $27.06, liquidated damages of $90.21, additional interest of $3,122.32, and audit costs of $498.64).

20     The HEARTLAND HEALTHCARE FUND has demanded Defendant pay the amounts due, but Defendant has refused or otherwise failed to pay the amounts due.   A copy of the HEARTLAND HEALTHCARE FUND'S demand letter is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

21.     The Defendant has breached the terms of the Heartland collective bargaining agreement and the Agreement and Declaration of Trust by failing to pay the HEARTLAND HEALTHCARE FUND the fringe benefit contributions owed under the collective bargaining agreement.

22.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award the Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.   More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *               *               *
>
> (2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)     the unpaid contributions,
>
> (B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of –

    (i)     interest on the unpaid contributions, or

    (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

    (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.     That judgment is entered in favor of Plaintiff, HEARTLAND HEALTHCARE FUND, and against Defendant QUAD CITY WALLS, INC. in the sum of $4,640.31 (consisting of delinquent contributions of $902.08, interest of $27.06, liquidated damages of $90.21, additional interest of $3,122.32, and audit costs of $498.64);

B.     That Defendant is specifically required to perform and continue to perform all of Defendant's obligations to the Plaintiffs; including without limitation, continuing to furnish to the Plaintiffs contribution reporting forms, even if no contributions are owed for a particular reporting period;

C.     That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees

and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D.     That Defendant is decreed to pay all costs attendant to these proceedings; and

E.     That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable labor agreements or as is otherwise just and equitable.

## COUNT IV

## AUDIT LIABILITY DUE - DELINQUENT CONTRIBUTIONS

### HEALTH & WELFARE FUND
### CYNTHIA J. MILROY

1-22.   Plaintiff re-asserts and re-alleges paragraphs 1 through 22 of Count I as paragraphs 1 through 22 of Count IV as if fully set forth herein.

23.     Defendant QUAD CITY WALLS, INC. was involuntarily dissolved on June 1, 2006.

24.     As a result of its involuntary dissolution, Defendant QUAD CITY WALLS, INC. has ceased to exist and become an aggregate of its owner.

25.     Upon information and belief, Defendant CYNTHIA J. MILROY is the owner of Defendant QUAD CITY WALLS, INC.

26.     As a result of its involuntary dissolution, Defendant CYNTHIA J. MILROY is personally liable for the debts and obligations of Defendant QUAD CITY WALLS, INC.

WHEREFORE, Plaintiffs pray as follows:

A.     That judgment is entered in favor of Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF

CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS TRAINING CENTER OF THE QUAD CITIES JOINT APPRENTICESHIP & TRAINING COMMITTEE, UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP & SAFETY FUND, QUAD CITY CONSTRUCTION INDUSTRY ADVANCEMENT FUND, IOWA CONSTRUCTION LABOR & MANAGEMENT COUNCIL, HEARTLAND HEALTHCARE FUND, CARPENTERS WORKING DUES, CARPENTERS LOCAL NO. 166, CARPENTERS LOCAL 183 and CARPENTERS LOCAL 189, and against Defendant CYNTHIA J. MILROY in the sum of $6,300.48 (consisting of delinquent contributions of $4,436.91, liquidated damages of $887.38, interest of $142.43 and audit costs of $833.76));

B.      That Defendant is specifically required to perform and continue to perform all of Defendant's obligations to the Plaintiffs; including without limitation, continuing to furnish to the Plaintiffs contribution reporting forms, even if no contributions are owed for a particular reporting period;

C.      That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D.      That Defendant is decreed to pay all costs attendant to these proceedings; and

E.      That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable labor agreements or as is otherwise just and equitable.

## COUNT V

## AUDIT LIABILITY DUE - DELINQUENT CONTRIBUTIONS

### PENSION AND RETIREMENT FUNDS
### CYNTHIA J. MILROY

1-23.   Plaintiff re-asserts and re-alleges paragraphs 1 through 23 of Count II as paragraphs 1 through 23 of Count V as if fully set forth herein.

24.     Defendant QUAD CITY WALLS, INC. was involuntarily dissolved on June 1, 2006.

25.     As a result of its involuntary dissolution, Defendant QUAD CITY WALLS, INC. has ceased to exist and become an aggregate of its owner.

26.     Upon information and belief, Defendant CYNTHIA J. MILROY is the owner of Defendant QUAD CITY WALLS, INC.

27.     As a result of its involuntary dissolution, Defendant CYNTHIA J. MILROY is personally liable for the debts and obligations of Defendant QUAD CITY WALLS, INC.

WHEREFORE, Plaintiffs pray as follows:

A.      That judgment is entered in favor of Plaintiffs, CARPENTERS PENSION FUND OF ILLINOIS, CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL

OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS TRAINING CENTER OF THE QUAD CITIES JOINT APPRENTICESHIP & TRAINING COMMITTEE, UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP & SAFETY FUND, QUAD CITY CONSTRUCTION INDUSTRY ADVANCEMENT FUND, IOWA CONSTRUCTION LABOR & MANAGEMENT COUNCIL, HEARTLAND HEALTHCARE FUND, CARPENTERS WORKING DUES, CARPENTERS LOCAL NO. 166, CARPENTERS LOCAL 183 and CARPENTERS LOCAL 189, and against Defendant CYNTHIA J. MILROY in the sum of $7,499.70 (consisting of delinquent contributions of $3,850.35, interest of $126.73, liquidated damages of $385.04, additional interest of $2,577.46, and audit costs of $560.12);

B.      That Defendant is specifically required to perform and continue to perform all of Defendant's obligations to the Plaintiffs; including without limitation, continuing to furnish to the Plaintiffs contribution reporting forms, even if no contributions are owed for a particular reporting period;

C.      That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D.      That Defendant is decreed to pay all costs attendant to these proceedings; and

E.      That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable labor agreements or as is otherwise just and

equitable.

## COUNT VI

## AUDIT LIABILITY DUE - DELINQUENT CONTRIBUTIONS

## HEARTLAND HEALTHCARE FUND
## CYNTHIA J. MILROY

1-22.   Plaintiff re-asserts and re-alleges paragraphs 1 through 22 of Count III as paragraphs 1 through 22 of Count VI as if fully set forth herein.

23.   Defendant QUAD CITY WALLS, INC. was involuntarily dissolved on June 1, 2006.

24.   As a result of its involuntary dissolution, Defendant QUAD CITY WALLS, INC. has ceased to exist and become an aggregate of its owner.

25.   Upon information and belief, Defendant CYNTHIA J. MILROY is the owner of Defendant QUAD CITY WALLS, INC.

26.   As a result of its involuntary dissolution, Defendant CYNTHIA J. MILROY is personally liable for the debts and obligations of Defendant QUAD CITY WALLS, INC.

WHEREFORE, Plaintiffs pray as follows:

A.   That judgment is entered in favor of Plaintiff, HEARTLAND HEALTHCARE FUND, and against Defendant CYNTHIA J. MILROY in the sum of $4,640.31 (consisting of delinquent contributions of $902.08, interest of $27.06, liquidated damages of $90.21, additional interest of $3,122.32, and audit costs of $498.64);

B.   That Defendant is specifically required to perform and continue to perform all of Defendant's obligations to the Plaintiffs; including without limitation, continuing to furnish to the Plaintiffs contribution reporting forms, even if no contributions are owed for a particular reporting

period;

C.     That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D.     That Defendant is decreed to pay all costs attendant to these proceedings; and

E.     That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the applicable labor agreements or as is otherwise just and equitable.

CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, CARPENTERS PENSION FUND OF ILLINOIS, CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE, WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS TRAINING CENTER OF THE QUAD CITIES JOINT APPRENTICESHIP & TRAINING COMMITTEE, UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP &

SAFETY FUND, QUAD CITY CONSTRUCTION INDUSTRY ADVANCEMENT FUND, IOWA CONSTRUCTION LABOR & MANAGEMENT COUNCIL, HEARTLAND HEALTHCARE FUND, CARPENTERS WORKING DUES, CARPENTERS LOCAL NO. 166, CARPENTERS LOCAL 183, CARPENTERS LOCAL 189, Plaintiffs,

By:     s/ John P. Leahy
         JOHN P. LEAHY
         CAVANAGH & O'HARA LLP
         Attorneys for Plaintiffs
         407 East Adams Street
         Springfield, IL 62701
         (217) 544-1771 – Telephone
         (217) 544-9894 – Facsimile
         johnleahy@cavanagh-ohara.com